BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 07612
bboschee@nevadafirm.com
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
jboyle@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  (702) 791-0308
Facsimile:  (702) 791-1912

STEVEN M. AUVIL*
steven.auvil@squiresanders.com
JOHN R. THUERMER*
john.thuermer@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8023
Facsimile: (216) 479-8780

RACHAEL A. HARRIS*
rachael.harris@squiresanders.com
SQUIRE SANDERS (US) LLP
1200 19th Street, N.W., Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6206
Facsimile: (216) 626-6780

*Pro Hac Vice Applications Forthcoming

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RUBBERMAID COMMERCIAL PRODUCTS LLC,<br><br>              Plaintiff,<br><br>      vs.<br><br>TRUST COMMERCIAL PRODUCTS and TAIZHOU YINSHAN BRUSH CO., LTD<br><br>              Defendants. | CASE NO.:  2:13-cv-02144-GMN-(GWF)<br><br>**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND SETTING HEARING DATE FOR MOTION FOR PRELIMINARY INJUNCTION** |

///

Plaintiff Rubbermaid Commercial Products, LLC ("Rubbermaid") has moved *ex parte* for a Temporary Restraining Order and an Order for Preliminary Injunction, pursuant to the Federal Rules of Civil Procedure, Rule 65, the Patent Act, 35 U.S.C. § 283, the Copyright Act, 17 U.S.C. § 502, and Local Rule 7-5.  Rubbermaid alleges that Defendants Trust Commercial Products ("Trust") and TaiZhou YinShan Brush Co., Ltd. ("Yinshan") (collectively, "Defendants") are distributing, promoting, and offering to sell housekeeping and industrial services products at the ISSA/Interclean North America ("ISSA") trade show in Las Vegas, Nevada, that infringe at least one of U.S. Patent Nos. D474,570, D487,604, D618,418, and D618,419 (collectively, "the Rubbermaid Design Patents").  Rubbermaid further alleges that Defendants have made a catalog that copies portions of Rubbermaid's Brochure that are entitled to copyright protection, and that Defendants have copied and are distributing those catalogs without authorization.

The Court, having duly considered Rubbermaid's Complaint, Emergency Motion and Supporting Memorandum for Entry of Temporary Restraining Order and Preliminary Injunction, declarations and exhibits submitted therewith, makes the following preliminary findings and conclusions:

1. This court has jurisdiction over this matter and over the Defendants.  In addition, this Court is a proper venue for this action and the Defendants have been properly served or will be served as discussed more fully herein.

2. Rubbermaid is likely to succeed in showing that the Rubbermaid Design Patents and the Rubbermaid Brochure Copyright that are appended to the Complaint as Exhibits A–D, F and G, are owned by Rubbermaid, are valid, and are enforceable, and that Defendants have promoted and offered for sale products having designs that infringe the Rubbermaid Design

Patents, and that Defendants are distributing and have distributed a catalog that infringes the Rubbermaid Brochure Copyright.

3. Specifically, Rubbermaid is likely to succeed on their patent infringement claims of the Rubbermaid Design Patents against the following products of Defendants: Grandmaid Housekeeping Carts, Bitbar Mobile Work Center, Bitbar Utility Carts, and Bitbar Flat-shelf Carts (collectively, the "Accused Products").

4. Further, Rubbermaid is likely to succeed in showing that Defendants have infringed Rubbermaid's copyright by, without Rubbermaid's authorization, substantially copying portions of Rubbermaid's Brochure entitled to copyright protection and by distributing the infringing catalog.

5. It appears to the Court that Defendants are China-based manufacturers of commercial products that, with the exception of its temporary presence in the United States during the ISSA show, do not have a regular place of business or assets in the United States. Further, Defendants are likely to offer the infringing products for sale, at the ISSA show, and then leave the United States. It also appears likely that, absent a grant of the requested relief, the Defendants will use their efforts at ISSA to fulfill orders, import the infringing products, and sell those products in the United States.

6. Absent an *ex parte* temporary restraining order, Defendants' promotion and offers for sale of the Accused Products, and distribution of the infringing catalog, will result in immediate and irreparable injury to Rubbermaid in the form of lost market share, loss of control over their valuable intellectual property rights, loss of consumer goodwill, and interference with Rubbermaid's ability to exploit the Rubbermaid Design Patents and the Rubbermaid Brochure. Further, because Defendants have no apparent presence in the United States, it may be difficult or impossible for Rubbermaid to recover a money judgment against Defendants.

7. It appears to the Court based on Rubbermaid's representations that Rubbermaid has not publicized their application for an *ex parte* temporary restraining order.

8. The harm to Rubbermaid in denying the requested temporary restraining order outweighs the harm to the legitimate interests of Defendants from granting such relief.

9. The public interest weighs in favor of granting Rubbermaid the requested temporary restraining order.

10. There are products, catalogs, and other materials evidencing Defendants' willful infringements alleged in the Complaint that are in Defendants' possession at the ISSA show currently taking place in Las Vegas, Nevada. It appears to this Court that Defendants' willful infringing activities make it likely that the Defendants may conceal—but not halt—their infringing activities, and that the materials being used to implement the infringing activities would be destroyed, moved, hidden, or otherwise made inaccessible to the Court if Rubbermaid were to proceed on notice to Defendants.

**TEMPORARY RESTRAINING ORDER**

**IT IS THEREFORE ORDERED** that pending a decision by the Court on Rubbermaid's application for a preliminary injunction, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing Rubbermaid's Design Patents and from infringing Rubbermaid's Catalog Copyright at the ISSA show in Las Vegas, Nevada from November 18–21, 2013. Specifically, Defendants are hereby temporarily restrained from making, using, selling, offering to sell, and importing into the United States commercial products that infringe U.S. Patent Nos. D474,570, D487,604, D618,418, and D618,419, and colorable imitations thereof, including but not limited to, restrained from using any materials or catalogs to promote or offer to sell the Accused Products for the duration of

ISSA.  Defendants are also hereby enjoined from exhibiting any products at ISSA that are covered by U.S. Patent Nos. D474,570, D487,604, D618,418, and D618,419, and colorable imitations thereof.  In addition, Defendants are hereby temporarily restrained from distributing or disseminating any work, including Defendants' Catalog that infringes the Rubbermaid Brochure Copyright.  Based on the Defendants' apparent lack of assets and presence in the United States, the Defendants are also temporarily restrained from transferring, moving, returning, destroying, or otherwise disposing of any Accused Products, to the extent they presently exist in the United States, or Defendants' Catalog.  If Rubbermaid finds more infringing products, Rubbermaid may petition the Court to amend this Order.

**IT IS FURTHER ORDERED** that, Rubbermaid shall post a bond of $50,000.  To the extent Defendants believes that a higher bond is necessary pursuant to Rule 65(c), Defendants shall file an application to the Court and provide notice to counsel for Rubbermaid by **3:00 p.m. on Tuesday, November 26, 2013**.

**IT IS FURTHER ORDERED** that a preliminary injunction hearing is set for **Wednesday, 12/4/2013** at the hour of **2:00 p.m.** in Courtroom **7D** before the **Honorable Gloria M. Navarro, United States District Judge.**

Defendant shall file and serve any opposition to Rubbermaid's motion for a preliminary injunction by **3:00 p.m. on Tuesday, November 26, 2013**.

Rubbermaid shall file and serve any reply in support of their motion for a preliminary injunction by **5:00 p.m. on Monday, December 2, 2013**.

**IT IS FURTHER ORDERED** that this Order and the Summons and Complaint (and all supporting documents) must be served upon Defendants in person, if found at ISSA, and by other means reasonably calculated to give Defendants notice of this action, which shall include via email to all e-mail addresses provided by Defendants on their websites (http://www.yinshan-

brush.com/about.asp) and http://www.trustcommercial.com.cn/english/contact.asp) as well as email to Peter Chu (peter.chu@yinshan-brush.com), a Trust Vice President who is attending the show. Rubbermaid will therefore attempt to serve Defendant Yinshan at trust@yinshan-brush.com, Defendant Trust at sales@trustcommercial.com.cn, and Peter Chu at peter.chu@yinshan-brush.com.

**IT IS SO ORDERED.**

**DATED** this 21st day of November, 2013.

_____
Gloria M. Navarro
United States District Judge