PAT LUNDVALL (NSBN 3761)
McDonald Carano Wilson LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone:   702-873-4100
Facsimile:   702-873-9966
lundvall@mcdonaldcarano.com

JEFFREY L. COSTELLIA*
Nixon Peabody LLP
401 Ninth Street NW
Suite 900
Washington, DC 20004-2128
Tel: 202-585-8000
Fax: 202-585-8080
JCostellia@nixonpeabody.com

DEANNA R. SWITS*
Nixon Peabody LLP
300 S. Riverside Plaza
16th Floor, Suite 1600
Chicago, IL 60606
Tel: 312-425-3900
Fax: 312-425-3909
dswits@nixonpeabody.com

*Pro Hac Vice Application Pending

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUBBERMAID COMMERCIAL PRODUCTS LLC,<br><br>                   Plaintiff,<br><br>vs.<br><br>TRUST COMMERCIAL PRODUCTS and TAIZHOU YINSHAN BRUSH CO., LTD,<br><br>                   Defendants. | Case No. 2:13-cv-02144-(GMN)-(GWF)<br><br>**RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff Rubbermaid Commercial Products LLC (hereinafter "Rubbermaid" or "Plaintiff") has requested, and been granted, emergency *ex parte* relief in the form of a temporary restraining order and asks that this Court now grant a preliminary injunction on the

same emergency basis. That TRO expired on November 21, 2013 at the end of the ISSA Trade Show, as did any alleged urgency for the resolution of this matter. Since the alleged emergency nature of the relief has now expired, defendants request an appropriate amount of time to respond to Rubbermaid's request for preliminary injunction.

A review of Rubbermaid's actions reveal that Rubbermaid has executed a planned lightning strike against defendant companies unfamiliar with the U.S. legal system, with which Rubbermaid has done business for years, and raising allegations going back as far as 18 months. Defendant Trust Commercial Products ("Trust Commercial") and Defendant Taizhou Yinshan Brush Co., Ltd. ("TZ") (collectively, hereinafter, "Defendants"), both Chinese companies, were able to retain U.S. counsel only yesterday and were able to retain Nevada counsel only hours before this filing.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). The Supreme Court recently re-emphasized this point: a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008). Rubbermaid has not demonstrated that it is entitled to a preliminary injunction based on the factors relied generally relied upon for a patent infringement case. See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd., 695 F.3d 1370 (Fed. Cir. 2012). But Defendants need adequate time to demonstrate those failures and must, at minimum, be given more time to consult with their counsel and properly defend themselves in the interests of fair play, justice, and due process.

Preliminarily, Defendants request that the Motion for Preliminary Injunction be denied because Rubbermaid has not made the requisite clear showing. In the alternative, to allow proper time for Defendants to consult with their attorneys given the complexity of the issues involved in assessing four patents and a copyright, the time difference between the U.S. and China, and the upcoming holiday season, Defendants request that this Court extend the time for Defendants' Response to the Motion for Preliminary Injunction until at least January 15, 2014

and extend the time for Plaintiff's Reply and the hearing on the Motion for Preliminary Injunction similarly. Additionally, Defendants request that this Court extend the time for Defendants' to submit any application for a higher bond pursuant to Rule 65(c) until at least January 15, 2014.[1]

## I. RUBBERMAID'S DELAY DEMONSTRATES THERE IS NO THREAT OF IMMEDIATE, IRREPARABLE INJURY.

Rubbermaid's allegations and actions indicate not that it has a threat of immediate, irreparable injury, but that Rubbermaid executed a plan made long-ago to take advantage of a longstanding foreign business partner in a forum in which that partner was at a great disadvantage. The ISSA Trade Show began on November 18, 2013 in Las Vegas. (TRO at 4, Dkt. 13.) The very next day, on November 19, 2013, Rubbermaid filed its 22-page Complaint, and the day after that, on November 20, 2013, filed its 29-page "Emergency" *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction supported by sixteen exhibits, including the declarations of Rubbermaid's President, Neil R. Eibeler. (Dkts. 1, 10, 11.) And, buried within the inflammatory accusations about Defendants' "illicit" activities and "deceit" (see, e.g. Mot. at 3, 9), it becomes apparent Rubbermaid's allegations focus on Defendants' *international* activities that go back as far as ***May 2012*** (id. at 9). Finally, Rubbermaid acknowledges that it submitted an application for copyright protection of the "Rubbermaid Brochure" on November 14, 2013—recently, but at least four (4) days in advance of the beginning of the ISSA trade show. (Compl. ¶ 26.)

It strains credulity that Rubbermaid was not planning to file this lawsuit far in advance of Defendants' appearance at the ISSA trade show given the timing and sheer volume of pleadings and motion practice. What is clear is that Rubbermaid never attempted to contact Defendants about its allegations prior to filing its complaint and *ex parte* motions even though Defendants are long-standing business partners. Both a temporary restraining order and a preliminary injunction are devices for <u>preserving</u> the status quo and preserving rights before

---

[1] Deanna R. Swits, counsel for Defendants (*pro hac vice application pending*), left a voicemail on Tuesday, November 26, 2013 for Steven Auvil, counsel for Plaintiff, to discuss an agreed extension, and attempted to contact John Thuermer and Rachael Harris as well, but was unable to reach any of them before the filing deadline.

judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984) By contrast, Rubbermaid seeks to force Defendants to defend themselves against complex allegations of patent infringement and copyright infringement based on allegations that Rubbermaid has known about for approximately 18 months with less than one week's notice to Defendants.

## II. THE REMAINING FACTORS DO NOT FAVOR ENTRY OF A PRELIMINARY INJUNCTION AND FAVOR AN EXTENSION OF TIME.

Rubbermaid has vastly overstated its allegation of irreparable harm. At this time, Defendants are unable to begin to respond to the mountains of allegations in the Complaint and the Motion for Preliminary Injunction or to properly demonstrate why the remaining factors do not weigh in Rubbermaid's favor. Importantly, though Rubbermaid has made pages of allegations, admissible evidence is lacking. Rubbermaid relies on conclusory statements from unnamed suppliers and customers and on the self-serving opinions of Rubbermaid's President, Neil Eibeler. "While granting a preliminary injunction requires analysis of all four factors, a trial court may, as the court did here, deny a motion based on a patentee's failure to show any one of the four factors—especially either of the first two—without analyzing the others." Guttman, Inc. v. Kopykake Enters., 302 F.3d 1352, 1356 (Fed. Cir. 2002) (citation omitted).

Rubbermaid must be able to show that it will succeed on the merits of its claims "*by a clear showing*." Mazurek, 520 U.S. at 972 (emphasis in original). Yet claims for patent infringement involve some of the most complex factual and legal determinations within the legal system—all of which must be made in order to issue a preliminary injunction. For instance, the Patent Case Management Judicial Guide issued by the Federal Judicial Center states:

> "As in other cases, a party seeking a PI in a patent case must demonstrate likelihood of success on the merits and ongoing irreparable harm. Unlike in other types of cases, this showing in a patent case typically calls for analysis of nearly every substantive issue that ultimately will be presented at trial. To address the merits, patent claim terms must be at least preliminarily construed, and invalidity, infringement, and enforceability must be addressed based on those constructions. To address harm, the parties will

> often present complicated market analyses. These issues typically require both fact and expert discovery, all undertaken in the context of the compressed preliminary injunction schedule.

p. 3-1 (2009). Defendants have not yet had time to analyze the issues to be determined for any of the four patents at issue.

The accused design and patented design must be assessed in light of designs in the prior art. Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008). In addition to prior art, the functional features of a patented design must be considered. "A device that copies the utilitarian or functional features of a patented design is not an infringement unless the ornamental aspects are also copied such that the overall resemblance is such as to deceive." Lee v. Dayton-Hudson, 838 F.2d 1186, 1189 (Fed. Cir. 1988). Thus, the functional aspects of various design elements are factored out to examine an ornamental design as seen as a whole and as shown in the patent drawings. Amini Innovation Corp. v. Anthony California, 439 F.3d 1365, 1370-72 (Fed. Cir. 2006). The scope of the design patent claim must be construed in order to identify the non-functional aspects of the design as shown in the patent. Egyptian Goddess, 543 F.3d at 680; Richardson v. Stanley Works, 597 F.3d 1288, 1293 (Fed. Cir. 2010). In fact, only considering the references cited on the face of the '570 patent, the prior art includes numerous cart designs having a rectangular body, an opening at the front of the body, one or more shelves within the body, handles extending laterally from opposing sides of the body, and four wheels. Such similarities may suggest that any differences between the accused product and the claimed design of the '570 patent have greater significance, supporting a finding that the accused product does not infringe the '570 patent. Claims of copyright infringement likewise are factually and legally complex and likely require expert analysis and testimony. There simply is no way that Defendants can properly defend themselves based on the dearth of information and time currently available.

### III. CONCLUSION

For the foregoing reasons, and in the interest of fair play, justice, and due process, the Motion for Preliminary Judgment should be Denied. In the alternative, Defendants request that this Court extend the time for Defendants' Response to the Motion for Preliminary Injunction until at least January 15, 2014 and extend the time for Plaintiff's Reply and the hearing on the Motion for Preliminary Injunction similarly. Additionally, Defendants request that this Court extend the time for Defendants' to submit any application for a higher bond pursuant to Rule 65(c) until at least January 15, 2014.

Respectfully submitted,

DATED this 26th day of November, 2013.

By: /s/ Pat Lundvall
Pat Lundvall
McDonald Carano Wilson LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102

Jeffrey L. Costellia (pending PHV admission)
Nixon Peabody LLP
401 Ninth Street NW
Suite 900
Washington, DC 20004-2128
Tel: 202-585-8000
Fax: 202-585-8080
JCostellia@nixonpeabody.com

Deanna R. Swits (pending PHV admission)
Nixon Peabody LLP
300 S. Riverside Plaza
16th Floor, Suite 1600
Chicago, IL 60606
Tel: 312-425-3900
Fax: 312-425-3909
dswits@nixonpeabody.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 26, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5-1.

BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 07612
bboschee@nevadafirm.com
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
jboyle@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 791-0308
Facsimile: (702) 791-1912

STEVEN M. AUVIL*
steven.auvil@squiresanders.com
JOHN J. THUERMER*
john.thuermer@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8023
Facsimile: (216) 479-8780

RACHAEL A. HARRIS*
rachael.harris@squiresanders.com
SQUIRE SANDERS (US) LLP
1200 19th Street, N.W., Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6206
Facsimile: (216) 626-6780

                                              /s/  Deanna R. Swits
                                                 *Attorney for Defendants*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966