| | |
|---|---|
| BRIAN W. BOSCHEE, ESQ.<br>Nevada Bar No. 07612<br>bboschee@nevadafirm.com<br>JAMES D. BOYLE, ESQ.<br>Nevada Bar No. 08384<br>jboyle@nevadafirm.com<br>COTTON, DRIGGS, WALCH,<br>HOLLEY, WOLOSON & THOMPSON<br>400 South Fourth Street, Third Floor<br>Las Vegas, Nevada 89101<br>Telephone: (702) 791-0308<br>Facsimile: (702) 791-1912<br><br>STEVEN M. AUVIL (Admitted PHV)<br>steven.auvil@squiresanders.com<br>JOHN J. THUERMER (Admitted PHV)<br>john.thuermer@squiresanders.com<br>SQUIRE SANDERS (US) LLP<br>4900 Key Tower, 127 Public Square<br>Cleveland, Ohio 44114<br>Telephone: (216) 479-8023<br>Facsimile: (216) 479-8780<br><br>RACHAEL A. HARRIS (Admitted PHV)<br>rachael.harris@squiresanders.com<br>SQUIRE SANDERS (US) LLP<br>1200 19th Street, N.W., Suite 300<br>Washington, D.C. 20036<br>Telephone: (202) 626-6206<br>Facsimile: (216) 626-6780<br><br>*Attorneys for Plaintiff* | PAT LUNDVALL, ESQ.<br>Nevada Bar No. 03761<br>Lundvall@mcdonaldcarano.com<br>MCDONALD CARANO WILSON LLP<br>2300 West Sahara Avenue<br>Suite 1200<br>Las Vegas, Nevada 89102<br>Telephone: (702) 873-4100<br>Facsimile: (702) 873-9966<br><br>JEFFREY L. COSTELLIA*<br>jcostellia@nixonpeabody.com<br>NIXON PEABODY LLP<br>401 Ninth Street NW<br>Suite 900<br>Washington, DC 20004-2128<br>Telephone: (202) 585-8000<br>Facsimile: (202) 585-8080<br><br>DEANNA R. SWITS*<br>dswits@nixonpeabody.com<br>NIXON PEABODY LLP<br>300 South Riverside Plaza<br>16th Floor, Suite 1600<br>Chicago, Illinois 60606<br>Telephone: (312) 425-3900<br>Facsimile: (312) 425-3909<br><br>* Pro Hac Vice Applications Pending<br><br>*Counsel for Defendants*<br>*Trust Commercial Products and*<br>*Taizhou Yinshan Brush Co. Ltd.* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUBBERMAID COMMERCIAL<br>PRODUCTS LLC,<br>    Plaintiff,<br>vs.<br><br>TRUST COMMERCIAL PRODUCTS and<br>TAIZHOU YINSHAN BRUSH CO., LTD<br><br>    Defendants. | CASE NO.: 2:13-cv-02144-GMN-GWF<br><br>[PROPOSED] **EXPEDITED DISCOVERY ORDER** |

- 1 -

Plaintiff Rubbermaid Commercial Products LLC ("Rubbermaid") and Defendants Trust Commercial Products ("Trust") and TaiZhou YinShan Brush Co., Ltd. ("Yinshan") (collectively "Defendants"), (Rubbermaid and Defendants are collectively "the Parties"), have submitted a Joint Motion for Entry of a [Proposed] Expedited Discovery Order.

The Court, having duly considered the Parties' Joint Motion, now **ORDERS** that the Joint Motion is **GRANTED**. Discovery shall proceed as follows:

1. Discovery taken in an expedited manner is limited to issues and facts that are directly relevant to the preliminary injunction hearing.[1]

2. The Parties may each serve a maximum of 15 requests for production before the preliminary injunction hearing.

3. The Parties may each serve a maximum of 10 interrogatories before the preliminary injunction hearing.

4. The Parties are permitted to serve all discovery requests and notices via email of counsel of record for the Parties.

5. The Parties shall have ten (10) calendar days to respond to any interrogatory propounded. The Parties shall also have ten (10) calendar days to respond to, and produce documents called for in, any request for production. The ten-day period runs from the date written discovery is served via email.

6. The Parties may each notice two depositions, one of which may be a 30(b)(6) designee, by the dates set forth below. Further, any witness identified by a party for the preliminary injunction hearing that has not been previously deposed may also be subjected to a deposition. Depositions may be taken through remote

---

[1] Discovery taken during this phase will not have an impact on the discovery each party is permitted to take when formal discovery commences after the Rule 26(f) conference.

networking technology.

7. Depositions requested by Rubbermaid will be held no later than January 22, 2014. Depositions requested by Defendants will be held no later than January 10, 2014.

8. To the extent that the authenticity of any document remains disputed after submitting a Joint Exhibit List to the Court for the Preliminary Injunction hearing, no more than 15 requests for admission may be served, a response to which will be due no later than February 11, 2014 at 5:00 p.m. PST.

9. If Rubbermaid relies upon new evidence revealed during discovery in its Reply due January 29, 2014, Defendants do not object to the evidence on the basis of its previous nondisclosure to the extent that it is being used for rebuttal/impeachment within the scope of Defendants' Response to Rubbermaid's original motion. Defendants explicitly do not waive objections to the attempted introduction of evidence otherwise inadmissible or outside the scope of the Response.

10. Depositions taken before the Preliminary Injunction Hearing of February 12, 2014 shall be presumptively deemed ATTORNEYS EYES ONLY for a period of three (3) calendar days following receipt of the final transcript by counsel for the deponent (or by the deponent if not represented by counsel), who will request the transcript be delivered on the most expedited basis available from the court reporter. Within three (3) calendar days following receipt of the final transcript, the Parties shall review the transcript and specifically designate portions of the transcript CONFIDENTIAL or ATTORNEYS EYES ONLY, as appropriate, by notifying all counsel of record in writing of said designation. Such designation shall be specific as to the portions of the transcript designated for protection under this Order. Thereafter, the deposition testimony so designated shall be protected,

pending objection, under the terms of this Order. If counsel for the deponent, the deponent, counsel for a party, or a party designates a portion of the deposition testimony CONFIDENTIAL or ATTORNEYS EYES ONLY on the record during the deposition, the designating person shall have the right to exclude all persons not authorized to receive such information under this Order from the deposition, or any portion thereof, before taking the designated testimony. Any such designation on the record does not relieve the designating party from thereafter making a written designation as provided above. After the Preliminary Injunction hearing of February 12, 2014, any and all depositions taken will be governed by Paragraph 5 of the Protective Order entered December 16, 2013 (Dkt. 32).

**IT IS SO ORDERED.**

Dated:  December 16, 2013

_____
GEORGE FOLEY, JR.
United States Magistrate Judge