**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RUBBERMAID COMMERCIAL PRODUCTS, LLC,

Plaintiff,

vs.

TRUST COMMERCIAL PRODUCTS and TAIZHOU YINSHAN BRUSH CO., LTD.,

Defendants.

Case No. 2:13-cv-02144-GMN-GWF

**ORDER**

**Motion to Compel - #50**

This matter is before the Court on Plaintiff's Emergency Motion to Compel Defendants to Supplement their Discovery Responses and Produce Witnesses for Deposition (#50), filed January 20, 2014. Defendants filed their Response (#54) on January 23, 2014. The Court conducted a hearing in this matter on January 24, 2014 in which it ordered the parties to submit supplemental briefs regarding the written discovery responses that remained in dispute. Plaintiff filed its Supplemental Brief (#64) on January 29, 2014. Defendants filed their Response to Plaintiff's Supplemental Brief (#68) on February 3, 2014.

**BACKGROUND AND DISCUSSION**

Plaintiff Rubbermaid Commercial Products, LLC ("Rubbermaid") commenced this action on November 19, 2013. *Complaint (#1)*. Rubbermaid alleges that Defendants, who are Chinese manufacturers or distributors of housekeeping products, have infringed Rubbermaid's United States design patents for a housekeeping cart, (the "570 Patent"), two utility carts, (the "418 Patent" and "419 Patent") and a cart (the "604 Patent"). *Id.*, ¶¶ 1-14. Rubbermaid also alleges that Defendants have infringed its United States copyright for its product catalog which depicts and describes the foregoing products. Plaintiff alleges that Defendants displayed their infringing products and

catalog during the ISSA/Interclean North American Trade Show that was conducted in Las Vegas, Nevada from November 18-21, 2013. ¶ 46. The gist of Rubbermaid's infringement claims is that Defendants simply copied the designs of Rubbermaid's products, and also copied the portions of Rubbermaid's catalog that describe the products.

Rubbermaid filed a motion for temporary restraining order and preliminary injunction on November 19, 2013. *Motion (#11).* The Court granted Rubbermaid's request for a temporary restraining order on November 21, 2013 and scheduled an evidentiary hearing on the preliminary injunction. *Order (#13)*. The preliminary injunction hearing has since been continued to May 12, 2014. On December 17, 2013, the Court entered an order granting the parties' stipulation for expedited discovery in advance of the preliminary injunction hearing. *Order (#35).* Pursuant to the order, each party is entitled to serve a maximum of 15 requests for production and a maximum of 10 interrogatories. Each party is also authorized to notice two depositions, one of which may be a Rule 30(b)(6) designee.

Plaintiff argued in its emergency motion to compel that Defendants asserted improper objections to its written discovery requests and provided insufficient discovery responses. Some of the issues raised by Plaintiff were resolved before or during the hearing on January 24, 2014. Plaintiff contends that Defendants have still not provided a sufficient response to Plaintiff's Interrogatory No. 1 and have not produced all relevant documents in their possession, custody and control in response to Plaintiff's requests for production.

**<u>Plaintiff's Interrogatory No. 1:</u>**

Plaintiff's Interrogatory No. 1 states as follows:

> Describe in detail the design and development of the Accused Products and Defendants' promotional materials, including a description of previous versions of the Accused Products and Defendants' promotional materials, and identify by name and title the person(s) at Defendants having the most knowledge about the response given to this Interrogatory.

Defendants initially responded to Interrogatory No. 1 on December 27, 2013 as follows:

> Defendants hereby incorporate their General Objections, as if fully set forth herein. Defendants object to this interrogatory to the extent it is overly broad, unduly burdensome, and seeks information neither

> relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory to the extent that it calls for the creation or compilation of information and data that are not ordinarily kept in Defendants' normal course of business. Defendants also object to this interrogatory to the extent it seeks information containing Defendants' confidential, proprietary, trade secret, or business sensitive information. Defendants also object that the interrogatory is compound.
>
> Subject to and without waiving the foregoing general and specific objections, Defendants state the person most knowledgeable about the creation of Defendants' promotional materials is Mr. Hu Ailong and the person most knowledgeable about Defendants research and development is Mr. Wu Airong.
>
> Pursuant to Fed. R. Civ. P. 33(d), Defendant also identifies the following documents: TRUST 0000333-TRUST 0000444, TRUST0000426-TRUST0000454. Defendants' search continues, and Defendants will produce additional non-privileged documents discovered.

*Plaintiff's Supplement Brief (#64), Exhibit A.*

Defendants served supplemental responses to Plaintiff's interrogatories on January 23, 2014. In their supplemental response to Interrogatory No. 1, Defendants stated as follows:

> Subject to and without waiving the foregoing general and specific objections, Defendants further state that no previous versions of the Accused Products exist--the current versions are the only versions ever produced. Trust designed molds for the products, and the products are constructed in their China manufacturing facility as shown in the design specifications previously produced and referenced by bates-number in the first Response of December 27, 2013. Trust applied for patents for the Accused Products in China in 2012 as well. Trust has manufactured the Accused Products since 2011. The 2012 Trust catalog also is referenced by bates number in the first Response of December 27, 2013, and it features the Accused Products as well.

*Plaintiff's Supplement Brief (#64), Exhibit A.*

Plaintiff argues that Defendants' responses do not fairly answer the questions posed in Interrogatory No. 1.

Interrogatory No. 1 requests the following information: (1) a detailed description of the design and development of each of the four Accused Products and Defendants' promotional materials for the Accused Products; (2) a description of previous versions of the Accused Products and Defendants' promotional materials; and (3) the name and title of the person(s) at Defendants

having the most knowledge about its response to Interrogatory No. 1.

Defendants' initial response to Interrogatory No. 1 answered only part (3) by stating that Mr. Hu Ailong has the most knowledge about the creation of Defendants' promotional materials and that Mr. Wu Airong has the most knowledge about Defendants' research and development of the Accused Products. Defendants referred to the bates numbers of certain documents that it had produced, but did not expressly state or describe how the referenced documents were responsive to the interrogatory, or where in the produced documents the information sought is located.

Defendants' supplemental response to Interrogatory 1 partially answered part (2) by stating that no previous versions of the Accused Products exist. However, Defendants did not state whether there were previous versions of its promotional materials. Defendants provided some information responsive to part (1) by stating that Defendant Trust designed molds for the products and that the products were manufactured in Defendant's China manufacturing facility as shown in the previously produced design specifications. Defendants also stated that they applied for Chinese patents for the Accused Products in 2012 and have manufactured the accused products since 2011.

Rule 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-617 (5th Cir. 1977). "The answers to interrogatories must be responsive, full, complete and unevasive." *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 140 (W.D.Okla. 1977). *See also Chubb Integrated Systems v. National Bank of Wash.*, 103 F.R.D. 52, 61 (D.D.C. 1984) and *In re Asbestos School Litigation*, 1988 WL 105895, *4 (E.D.Pa. 1988). "An answer to an interrogatory is sufficient if the answer as a whole discloses a conscientious endeavor to understand the question and answer it fully. *Colony Ins. Co. v. Kuehn*, 2011 WL 4402738, *4 (D.Nev. 2011), citing *Parrot v. Wilson*, 707 F.22d 1262, 1273 n. 26 (11th Cir. 1983).

Rule 33(d) also provides that if the answer to an interrogatory can be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including

electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. The interrogating party must be given a reasonable opportunity to examine and audit the records and make compilations, abstracts, or summaries. A party using Rule 33(d) in response to an interrogatory must specify where in the records the answers can be found. *See Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, * (D.Nev. 2013), citing *Donell v. Fidelity Nat. Title Agency of Nevada, Inc.*, 2012 WL 1118944, *6 (D.Nev. 2012) and *Rainbow Pioneer No. 44-18-041 v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983).

Interrogatory No. 1 is compound and contains subparts, although not explicitly denominated as such. A fair interpretation of the interrogatory is that it primarily seeks a description of *how* the Accused Products and promotional materials were designed and developed, i.e., the process that Defendants used or followed in their design and development.[1] This inquiry goes to the gist of Plaintiff's allegation that Defendants simply copied Plaintiff's patented designs and also copied Plaintiff's catalog descriptions of the products with slight variations. The interrogatory is not fairly answered by simply setting forth the specifications for the Accused Products, or as Defendants have apparently done, by referring to the specifications contained in produced documents. Defendants have not answered the principal question posed by the interrogatory and therefore their responses are insufficient. Defendants have also not answered the interrogatory by stating whether there are previous versions of the promotional materials relating to the Accused Products.

. . .

[1] At page 4 of its Supplemental Brief (#64), Plaintiff lists a number of bullet points or questions that are allegedly included in Interrogatory No. 1. The first listed bullet point is: "The process by which Defendants developed the Accused Products from inception of idea to creation of the physical products." The Court finds that this is the principal inquiry of Interrogatory No. 1. The remaining questions could be considered by Defendants in answering this principal question, although they do not necessarily have to be expressly referenced in the answer. These additional questions may be appropriate subjects for follow-up inquiry of Defendants' Rule 30(b)(6) deponent.

To the extent that Defendants have documents that relate to the design and development of the Accused Products or the promotional materials, which have been requested by Plaintiff in its requests for production of documents and have not been produced, then Defendants should produce them. The Court was advised during the hearing on January 24, 2014 that the one remaining discovery dispute between the parties related to Interrogatory No. 1. The Court was also informed that Plaintiff's request for production of Defendants' catalog would be deemed satisfactorily responded to by Defendants' counsel confirming that the copy of the catalog obtained by Plaintiff during the ISSA/Interclean North American Trade Show in November 2013 is a true and accurate copy of Defendants' catalog.

Plaintiff's Supplemental Brief does not expressly set forth the requests for production of documents as to which it seeks an order to compel. Absent a properly presented motion, the Court will not order Defendants to provide further responses to requests for production of documents and things. *See* Local Rule (LR) 26-7. That stated, it is reasonable that Defendants should either make the Accused Products available for inspection and photographing by Plaintiff at a reasonably convenient time and place prior to the preliminary injunction hearing, or in alternative, if Plaintiff agrees, that Defendants provide Plaintiff with adequate photographs of the Accused Products. Defendants will not be required to prepare and produce photographs of the Accused Products if it makes them available for inspection and photographing by Plaintiff. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel Defendants to Supplement their Discovery Responses and Produce Witnesses for Deposition (#50) is **granted**, in part, and **denied**, in part, as follows:

1. Defendants are ordered to supplement their answer to Interrogatory No. 1 within ten (10) days of the date of this Order and to provide a reasonably detailed description of the process(es) they used or followed in designing and developing the Accused Products and in designing or developing promotional materials relating to the Accused Products. Defendants are also required to state whether there are or were prior versions of promotional materials relating to the Accused Products.

. . .

2. Defendants shall either make the Accused Products available for inspection and photographing by the Plaintiff at a reasonably convenient time and place prior to the preliminary injunction hearing, or in alternative, if Plaintiff agrees, Defendants shall provide Plaintiff with adequate photographs of the Accused Products. Defendants will not be required to prepare and produce photographs of the Accused Products if it makes them available for inspection and photographing by Plaintiff.

3. Plaintiff's motion to compel Defendants to provide further responses to requests for production of documents and things is denied, without prejudice, to the filing of a properly prepared motion.

DATED this 19th day of February, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge