# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RUBBERMAID COMMERCIAL PRODUCTS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TRUST COMMERCIAL PRODUCTS and TAIZHOU YINSHAN BRUSH CO., LTD.,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-02144-GMN-GWF<br><br>**FINDINGS AND RECOMMENDATION** |

　　　　This matter is before the Court on Defendants Trust Commercial Products and Tziahou Yinshan Brush Co., Ltd's failure to retain new counsel. On March 28, 2014, the Court granted Defense Counsel Pat Lundvall, Esq. and Kristen T. Gallagher, Esq. of McDonald Carano Wilson, LLP and Jeffrey L. Costellia, Esq. and Deanna R. Swits, Esq. of Nixon Peabody, LLP's Motion to Withdraw as Counsel of Record. *See Order #87*. The Order Granting the Motion to Withdraw as Counsel of Record (#87), however, did not contain the last known addresses of the Defendants. The Defendants' addresses, therefore, were not added to the docket for service by the Clerk of the Court of further orders, notices, papers and pleadings.

　　　　On April 8, 2014, the Court entered an Order to Show Cause (#89) for failing to timely retain counsel, which required Defendants to show cause, in writing, no later than April 18, 2014. Therein, Defendants were given notice that failing to timely respond would result in a recommendation to the District Judge that Defendants' answer be stricken and a default judgment entered. Because the Court Clerk did not have Defendants' addresses on record in the docket, however, the Order to Show Cause (#89) was not served on Defendants by the Clerk of the Court. Plaintiff, however, filed a Certificate of Service (#90), indicating that Plaintiff's counsel sent a copy of the Order (#89) to Defendants at their last known email addresses on April 9, 2014.

　　　　Discovering the error, on May 2, 2014, the Court entered Order (#91) requiring the Defendants'

former counsel to file a statement of compliance. The Clerk of the Court served the order on former defense counsel, Kristen T. Gallagher. *See Dkt. #91*. Former defense counsel filed a Statement of Compliance (#96) on May 9, 2014, therein indicating the last known addresses of the respective Defendants. The Court then ordered the addresses be added to the docket. *See Dkt. #97*.

In order to reasonably assure the Defendants received actual notice of the Court's orders informing them of their obligation to retain new counsel and of the consequences for failing to do so, the Court entered an Amended Order to Show Cause (#98), which was properly served on the Defendants by the Clerk of the Court. The Amended Order (#98) gave Defendants until May 22, 2014 to respond and again notified Defendants that failing to do so would result in a recommendation to the District Judge that Defendants' answer be stricken and a default judgment be entered against them. *See Order #89*. To date, Defendants have not complied.

A corporation may appear in federal court only through licensed counsel, and if a corporate defendant does not retain counsel, the district court may strike the corporation's answer. *See D.C. Aviation, LLC. v. Avbase Flight Services, LLC.*, WL 2683554, 1 (D. Colo 2007); *see also Pert 35, Inc. v. Amari Aviation, Ltd.,* WL 1257949, 3 (N.D.N.Y 2010). Furthermore, Fed. R. Civ. P 55(b)(2) provides for the entry of default judgment in the event a defendant has failed to plead or otherwise defend in an action. *See Parise v. Riccelli Haulers, Inc.,* 672 F.Supp. 72, 74 (N.D.N.Y. 1987).

Here, Defendant corporations were given sufficient time to retain counsel to defend their action. Despite the Court's order (#98), Defendants have failed to retain new counsel or show cause as to this delay in complying with the Court's orders. Accordingly,

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendants' Answer (#29) be stricken and default judgement entered in favor of the Plaintiff.

DATED this 23rd day of May, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge