# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RUBBERMAID COMMERCIAL PRODUCTS, LLC,

    Plaintiff,

vs.

TRUST COMMERCIAL PRODUCTS and TAIZHOU YINSHAN BRUSH CO., LTD.,

    Defendants.

Case No. 2:13-cv-02144-GMN-GWF

**ORDER**

Motion for Leave to File Affidavit of Steven M. Auvil Under Seal (#108)

    This matter comes before the Court on Plaintiff's Motion for Leave to File Affidavit of Steven M. Auvil Under Seal (#108), filed on July 14, 2014.

    The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.*

    Here, Plaintiff filed a motion requesting leave to file the Affidavit of Steven M. Auvil Under Seal, which is an exhibit to his motion for Attorneys' Fees and Costs. *See Dkt. #108*. Plaintiff alleges that the Affidavit contains proprietary and confidential information including

negotiated billing rates of its attorneys, and sensitive, case specific pricing information regarding Squire Patton Bogg's work for Rubbermaid in this case. Plaintiff further alleges that public disclosure would create a competitive disadvantage to Squire Patton Bogs.

Attorneys' hourly rates are routinely publicly disclosed and discussed in judicial opinions at all levels. *See, e.g., Perdue v. Kenny A. Ex rel. Winn*, 559 U.S. 542, 547 (2010) (discussing attorney's publicly disclosed hourly rates in a § 1988 action); *Hughes Tool Co. v. Trans World Airlines, Inc.,* 409 U.S. 363, 391 (1973) (Burger, C.J. dissenting) (hourly rates in an antitrust action); *Hermosilla v. CocaCola Co.*, No. 10-21418-CIV, 2011 WL 9364952 (S.D.Fla. July 15, 2011), aff'd, 492 F. App'x 73 (11th Cir. 2012) (discussing Holland and Knight's hourly rates in publicly filed attorney's fees request in a trademark case); *Wynn Oil Co. v. Purolater Chem. Corp,*, 391 F.Supp. 522 (M.D.Fla. 1974) (discussing specific hourly rates for fees calculation in an antitrust action).

Therefore, the Court is not persuaded that attorney's hourly rates are the sort of confidential information that warrants the secrecy provided by a sealing order. As a practical matter, the routine practice in this district is for the public filing of attorney's fees motions, with the public disclosure of the hourly rates of the involved attorneys. This suggests that the hourly rates of attorneys are not confidential enough to ordinarily merit under-seal status. Plaintiff has therefore failed to identify a compelling reason to justify sealing the Affidavit. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Affidavit of Steven M. Auvil Under Seal (#108) is **denied** in part**.** Plaintiff may redact privileged, confidential information; however, Plaintiff is not permitted to seal the entire fee record including the hourly rates.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the Plaintiff supplement its Motion for Attorneys' Fees and costs (#115) by submitting an itemized billing for the work performed by Squire Patton Boggs, LLP. In order to make an award of attorneys' fees, the Plaintiff must show the Court that the hourly rates and the time billed were reasonable. Without an itemized billing, however, the Court is unable to make that determination.

DATED this 23rd day of July, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge